MARY E. GAUNCE, RESPONDENT, v. THE STATE SOCIAL SECURITY COMMISSION OF MISSOURI, APPELLANT.—162 S. W. (2d) 354.

Kansas City Court of Appeals. May 25, 1942.

*Roy McKittrick,* Attorney-General, and *B. Richards Creech,* Assistant Attorney-General for appellant.

*Randall W. Smart* for respondent.

No brief for respondent.

SHAIN, P. J.—Herein is involved the application of Mary E. Gaunce to the State Social Security Commission of Missouri asking relief for her eleven-year-old daughter.

The petitioner's application for aid was turned down by the Commission and an appeal was duly taken to the Circuit Court of Jackson County, Missouri. In August, 1941, the Circuit Court of Jackson County, Missouri, reversed the award of the Commission and remanded the cause to the Commission. From the decision of the circuit court the Commission duly appealed.

The record discloses that the claimant is a widow fifty years of age, and that claim was made for aid to Betty Mae Gaunce, her daughter, aged eleven years.

Claimant lives in a rented home, paying $20 per month rent. There is living with her in the home her mother, who is eighty years of age, blind, and receiving $8 per month old age pension.

It appears from the record that at the time of the hearing there was, in addition to the above, three minor children, the daughter, Mae, included. It also appears that at the time of the hearing there was

staying in the home an adult son who was at the time earning $120 per month and who contributed $10 per week to household expenses.

Claimant prior to hearing had also in her home a roomer and boarder whose room and board was agreed to be $24 per month. However, prior to the time of the hearing, he had left owing $100 to claimant.

According to all testimony, the total amount of money being actually paid to claimant was the pension received by her mother and the $10 weekly contributed by her son.

There is included in the record herein the duly signed Public Assistance Budget. In this budget, the sources of monthly income are set forth as follows:

"John G. as fireman

"Wages (odd jobs and regular private emp.) ............$100.00
"OAA grant (Mary Lynch) ................................  8.00
"Boarders or lodgers (1 roomer & boarder) .............  24.00

"Total Income ....................................... 132.00"

In this budget report, the total necessary expenses as shown are $119.82, with the following conclusion: "Total Budgetary surplus $12.82."

The award of the Commission is as follows:

"That the claimant has income, resources, support and maintenance to provide a reasonable subsistence compatible with decency and health and is not found to be in need. Therefore, claimant does not come within the purview of the statute and application for aid to dependent children is denied."

The judgment of the circuit court from which this appeal is taken is as follows:

"Now on this day this cause coming on for hearing upon the appeal of claimant for a review of the award of the State Social Security Commission of Missouri, denying claimant aid for dependent children, and the Court having seen and read the transcript and record of the hearing on claimant's application had before Commission and now being fully advised in the premises, the Court finds that applicant was not given a fair hearing before said Commission, and that the decision of the Commission is arbitrary and unreasonable in this that the testimony of claimant is that she received $10.00 per week from her son, John G. Gaunce, that the record shows in the making of said award the Commission took into consideration the entire earning capacity of said John Gaunce as being a source of income to the claimant; further, that the said Commission, in making said award, considered the sum of $24 per month received from boarders or lodgers in claimant's home and the testimony in the record shows that at the time of the hearing had before said Commission, claimant was receiving nothing from boarders or lodgers; that the Commission

found the total expenditures for the proper maintenance of claimant and her family was $119.18, that the total income was $132. There is no evidence in the record to substantiate the amount of income, so found by the Commission in making its award.

"Therefore the award of the Commission denying applicant aid for dependent children is not supported by substantial evidence, and this cause is remanded to the Commission for a rehearing according to law."

### OPINION.

We conclude after a careful study of the record herein that there are good and sufficient reasons why the judgment of the circuit court should be upheld.

In the first place, there is no evidence to support the inclusion in "Sources of Income" of $24 board and lodging from a former boarder who had left owing $100. If this item alone be deducted the Public Assistance Budget will show a deficit of $11.18. When we consider with the above that the claimant is $80 in arrears for rent and has outstanding unpaid bills also, it is sufficient to support the conclusion of the circuit court to the effect that the decision of the Commission is arbitrary and unreasonable.

Further, we conclude that there is no evidence to support any finding to the effect that claimant had a source of income from her adult son John Gaunce in excess of $40 per month.

Judgment affirmed. All concur.